IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3044-D

| | | |
|---|---|---|
| LORENZO GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT C. LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 7, 2010, Lorenzo Graham ("Graham" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On February 2, 2011, the court reviewed the action pursuant to 28 U.S.C. § 1915A, allowed plaintiff's claim for deliberate indifference to a serious medical need to proceed against defendant Madonna Goodwin, dismissed all other defendants, and denied plaintiff's motion for appointment of counsel [D.E. 7]. The clerk directed North Carolina Prisoner Legal Services ("NCPLS") to investigate plaintiff's claim [D.E. 8]. On February 11, 2011, Graham filed a motion to stay [D.E. 12]. On March 7, 2011, the United States Marshal Service filed a return of summons, indicating that it was unable to serve defendant Goodwin at the address provided by plaintiff [D.E. 13]. On May 3, 2011, NCPLS filed a response to the order of investigation, indicating that it had investigated plaintiff's complaint, determined that appointment of counsel is not warranted, and that "NCPLS has provided advice and assistance to the plaintiff" [D.E. 14].

Graham's motion to stay "ask[s] for all paper work to be put on hold until [he] can talk to some legal adviser" and "ask[s] [the court] to send some one to talk to [him] and explain everything." Mot. Stay 1. As noted, NCPLS has now provided advice and assistance to Graham.

Accordingly the court denies the motion to stay as moot. To the extent the motion seeks appointment of counsel, the court denies the motion for the same reasons it denied Graham's previous motion for appointment of counsel. See, e.g., Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

As for the failure to serve defendant Goodwin, the court directs the North Carolina Attorney General to provide the court with defendant Goodwin's full name and last known address on or before June 6, 2011, or to inform the court that no such address is available. The North Carolina Attorney General shall provide the information under seal, and the court will disclose the information only to anyone engaged in providing service of process.

Finally, on March 31, 2011, Graham was transferred from Central Prison to Alexander Correctional Institution ("ACI"). See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0152010 (last visited May 16, 2011). Graham has failed to provide the court with his current address, as required by Local Civil Rule 83.3, EDNC. The court cautions Graham to comply with the local rules of this court.

In sum, the court DENIES AS MOOT Graham's motion to stay [D.E. 12]. The Clerk of Court is DIRECTED to serve a copy of this order on the North Carolina Attorney General and on Graham at ACI, and to maintain management of this action.

SO ORDERED. This 16 day of May 2011.

JAMES C. DEVER III
United States District Judge

2

Case 5:10-ct-03044-D   Document 15   Filed 05/17/11   Page 2 of 2