IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3044-D

| LORENZO GRAHAM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT C. LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 7, 2010, Lorenzo Graham ("Graham" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1].[1] Graham seeks leave to proceed in forma pauperis [D.E. 2]. On February 2, 2011, the court reviewed the complaint and allowed Graham's claim for deliberate indifference to a serious medical need to proceed against defendant Goodwin [D.E. 7], and the clerk directed North Carolina Prisoner Legal Services, Inc., ("NCPLS") to investigate plaintiff's claim [D.E. 8].[2] On February 10, 2011, the clerk issued summons [D.E. 11]. On March 7, 2011, the United States Marshal Service ("USMS") filed a return of summons, indicating that it was unable to serve defendant Goodwin at the address provided by plaintiff [D.E.

---

[1] On December 7, 2011, Graham was transferred to Alexander Correctional Institution. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0152010&obscure=N&listpage=1&listurl=pagelistoffendersearchresults&searchOffenderId=0152010 (last visited Dec. 22, 2011). The clerk is directed to send a copy of this order to Graham at his current place of incarceration.

[2] The court did not construe Graham's complaint as stating any claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–213 ("ADA"), and thus does not address defendant Goodwin's arguments with respect to any ADA claim. Graham's single conclusory allegation that "all of the above . . . is also in violation of the [ADA,]" Compl. 15, is insufficient to state a claim under the ADA. See Spivey v. Dept. of Pub. Safety & Corr. Servs. State of Md., Civil Action No. JFM-09-440, 2010 WL 3199342, at *2 (D. Md. Aug. 11, 2010) (unpublished).

13]. On May 3, 2011, NCPLS filed a response to the order of investigation, indicating that it had investigated plaintiff's complaint, determined that appointment of counsel is not warranted, and that "NCPLS has provided advice and assistance to the plaintiff" [D.E. 14]. On May 17, 2011, the court directed the North Carolina Attorney General to provide an address for service on defendant Goodwin [D.E. 15]. On June 3, 2011, the USMS served defendant Goodwin at the address provided by the North Carolina Attorney General [D.E. 19].

On June 24, 2011, defendant Goodwin filed a motion to dismiss [D.E. 23]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Graham about the motion, the consequences of failing to respond, and the response deadline [D.E. 26]. Graham sought and obtained an extension of time to respond to the motion [D.E. 27–28], but did not file any response, and the time within which to do so has expired.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1949–50. Similarly, a court need "not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

2

Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Graham's claims arise from his incarceration at Central Prison. Compl. 3. Graham alleges that he suffers from back pain which "has been a severe impediment to basic life functions[.]" Id. 5. Graham attempted physical therapy, but his "pain became insufferable and he literally begged for help." Id. 7–8. However, defendant Goodwin "informed [him] that she would not refer him to the orthopedic clinic" or provide him with stronger pain medication because it was too costly. Id. 9. However, defendant Goodwin and others did treat Graham with several medications, including Neurontin, Percogesic, and Advil, and ordered X-rays of the lumbar and thoracic spine, and two mattresses. Compl., Attachs. 1–10 (grievances and responses).

To state a claim under 42 U.S.C. § 1983 for inadequate medical care, an incarcerated prisoner must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). In order to prove such a claim, Graham "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

Graham has not alleged a claim for deliberate indifference to a serious medical need. The attachments to Graham's complaint demonstrate that Graham received continued medical attention

3

for his pain, including medication, physical therapy, and extra mattresses. That the treatment provided to Graham did not succeed to his satisfaction does not reflect a constitutional violation. See, e.g., Russell, 528 F.2d at 319; Starling v. United States, 664 F. Supp. 2d 558, 569–70 (D.S.C. 2009). Thus, Graham has failed to state a claim for deliberate indifference against Goodwin.

In sum, the court GRANTS defendant Goodwin's motion to dismiss [D.E. 23]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 22 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge

4

Case 5:10-ct-03044-D Document 29 Filed 12/22/11 Page 4 of 4